**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MOHAMMED ABUHARBA, #Y16719,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 20-00855-SMY |
| ) | |
| **DR. ASSELMEIER,** ) | |
| **LORI OAKLEY,** ) | |
| **FRANK E. LAWRENCE,** ) | |
| **AMY BURLE, and** ) | |
| **WARDEN OF MENARD** ) | |
| **CORRECTIONAL CENTER,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mohammed Abuharba, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims Defendants were deliberately indifferent to his medical needs and seeks monetary damages and injunctive relief. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff noticed a greenish-brown build-up on his teeth and that his gums were receding. He submitted a sick call

request on October 1, 2019 requesting immediate attention. He did not receive a response to that request or requests he submitted on October 10, 21, and 30, 2019. He then submitted a grievance on November 6, 2019. Plaintiff received a response to his grievance on November 13, 2019 stating that Dr. Asselmeier had not received any sick call requests for him. Dr. Asselmeier took no action, despite being made aware of Plaintiff's multiple requests for medical/dental treatment via the grievance.

Plaintiff submitted his grievance to grievance officer Oakley on December 7, 2019. Oakley denied the grievance on December 9, 2019 and Warden Lawrence concurred in the denial on December 11, 2019. Despite being made aware of Plaintiff's unsuccessful requests for medical/dental treatment via the grievance, Oakley and Warden Lawrence took no action.

Plaintiff appealed his grievance to the Administrative Review Board on or about December 31, 2019. ARB member Burle returned the grievance on January 6, 2020 stating that additional information was needed. Plaintiff sent additional information on January 20, 2020 and received no further response. Plaintiff had not received medical/dental treatment for the build-up on his teeth and receding gums at the time he filed his Complaint.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference claim against Dr. Asselmeier, Oakley, Lawrence, and Burle for denying Plaintiff medical/dental treatment for the greenish-brown build-up on his teeth and receding gums.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is

plausible on its face.").

## Discussion

Prison officials and medical staff violate the Eight Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Plaintiff's allegations state a viable deliberate indifference claim against Dr. Asselmeier, Oakley, Warden Lawrence, and Burle. *See Id.* (holding allegations sufficient to state a plausible deliberate indifference claim against prison officials that allegedly obtained actual knowledge of the plaintiff's objectively serious medical condition and inadequate medical care through his coherent and highly detailed grievances and failed to exercise their authority to intervene to rectify the situation).

## Injunctive Relief

Because the Complaint includes a request for injunctive relief, the Warden of Menard Correctional Center, in his/her official capacity, will be added to the docket with regard to the request for injunctive relief. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).[1]

---

[1] Plaintiff did not file a separate motion seeking immediate injunctive relief or allege he is entitled to this relief under Rule 65(a) or (b) of the Federal Rules of Civil Procedure. Should Plaintiff wish to pursue a preliminary injunction, he must file a separate motion requesting the same.

**Disposition**

Count 1 will proceed against Dr. Asselmeier, Lori Oakley, Frank E. Lawrence, and Amy Burle. The Clerk is **DIRECTED** to **ADD** the Warden of Menard Correctional Center, in his/her official capacity, to the docket for purposes of Plaintiff's claim for injunctive relief.

The Clerk shall prepare for Dr. Asselmeier, Lori Oakley, Frank E. Lawrence, Amy Burle, and the Warden of Menard Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes

the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  October 30, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.