IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMED ABUHARBA, #Y16719 )<br>)<br>)<br>    Plaintiff,   )<br>)<br>v.   )<br>)<br>DR. CRAIG ASSELMEIER, AMY BURLE, )<br>FRANK E. LAWRENCE, LORI OAKLEY, )<br>and ANTHONY WILLS, )<br>)<br>    Defendant. | Case No. 20-cv-855-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motions for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants (Docs. 38, 39, 41, 42). Plaintiff filed Responses (Doc. 46 and 47), and Dr. Asselmeier filed a Reply (Doc. 48). As explained further, Defendants' motions are DENIED.

**Background**

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") and filed this suit pursuant to 42 U.S.C. 1983, alleging that Defendants were deliberately indifferent to Plaintiff's serious dental needs at Menard Correctional Center ("Menard"), in violation of the Eighth Amendment to the U.S. Constitution. Plaintiff alleges that he submitted a request for treatment on October 1, 2019 after he noticed greenish-brown build-up on his teeth and that his gums were receding. He submitted three more requests in October 2019. When Plaintiff filed the Complaint in this matter on August 31, 2020, he alleged that he still had not received dental treatment.

Defendants filed the instant motions, contending that Plaintiff failed to exhaust his

administrative remedies prior to filing suit. Defendants acknowledge that Plaintiff submitted a grievance at Menard on November 6, 2019, that states "[f]or several weeks now I have been submitting requests to dental to examine a dental issue I've been having, which is causing my gums to recede. I have not received any treatment yet, and I am still suffering from this condition" (Doc. 39-2, p. 249). Plaintiff's counselor returned the grievance to Plaintiff with a memo from Dr. Asselmeier, stating that "we" had not received any requests for treatment from Plaintiff and that if Plaintiff needed treatment, he should send a request (Doc. 39-2, p. 249-50).

Plaintiff submitted the grievance to the grievance officer at Menard, who determined the grievance was moot because "per Dental, Dental has not received any requests from [Plaintiff] since January 2018. Offender advised to submit a request and place it in the appropriate box" (Doc. 39-2, p. 251). The warden concurred with the grievance officer's decision on December 11, 2019 (*Id.*).

Plaintiff appealed the grievance to the Administrative Review Board by sending the warden's and grievance officer's decisions along with a letter written by Plaintiff (Doc. 42, p. 11-13). On January 6, 2020, the ARB instructed Plaintiff to "provide your original written Offender's grievance, DOC 0046, including the counselor's response, if applicable." Plaintiff contends that on January 20, 2020, he mailed a copy of the original written grievance to the ARB. There is no record that the ARB received it.

Defendants Burle, Lawrence, Oakley and Wills argue that Plaintiff failed to exhaust his administrative remedies against them because he never received a final decision from the ARB. Defendant Asselmeier makes this same argument, but also contends that 1) the regulations required Plaintiff to mail a copy of his original grievance to the ARB by January 11, 2021 (30 days after Plaintiff received the warden's decision); 2) Plaintiff did not identify Dr. Asselmeier in the

grievance; 3) Plaintiff did not explain in the grievance that he needed to be seen in dental for "greenish-brownish build-up" on his teeth.

### *Pavey* Hearing

On May 10, 2021, the Court held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Plaintiff testified on his own behalf that he submitted multiple sick call requests in October 2019 because of the build-up on his teeth, but never received a response. He tried to "speed the process up" by submitting the November 6, 2019 grievance to his counselor. The counselor returned the grievance to him with Dr. Asselmeier's memo. Plaintiff sent the grievance to the grievance officer, who denied it. The Warden concurred. Plaintiff then sent the grievance to the ARB on the December 31, 2019; he acknowledges that the ARB stamped "December 30, 2019" on the grievance, so either he or the ARB confused the dates.

On January 6, 2020, Defendant Amy Burle (ARB) instructed Plaintiff to submit his original grievance. Plaintiff testified that he forwarded the original grievance to Defendant Burle in a stamped envelope that was retrieved by the mail clerk on January 20, 2020. He was aware of the regulation that allowed the ARB six months to issue a decision on his appeal, so he waited until August 2020 to file suit, giving the ARB "more than enough time."

Counsel for Dr. Asselmeier began his cross exam of Plaintiff by impeaching Plaintiff via his first-degree murder conviction and a prior disciplinary action involving Plaintiff's alleged untruthfulness. Counsel then asked Plaintiff to agree that he [Plaintiff] failed to send the ARB all required information within 30 days of receiving the warden's decision. Plaintiff refused to agree, testifying that the applicable regulation did not require him to send the original grievance to the ARB. Dr. Asselmeier asked Plaintiff to identify the authority he was relying upon for this conclusion, and Plaintiff testified that the Seventh Circuit's decision in *Strong v. David*, 297 F.3d

646, 650 (7th Cir. 2002) supports his argument that his claims cannot be dismissed because he complied with all of the administrative regulations pertinent to his grievance. In response to questions from counsel for Defendants Burle, Lawrence, Oakley, and Mills, Plaintiff admitted that, when appealing other grievances to the ARB, Plaintiff submitted the original grievance. Plaintiff then explained that he did not send the original 11/6/2019 grievance with his appeal to the ARB because the Grievance Officer's response contained all the relevant details.

## Legal Standards

***Summary Judgment Standard***

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

***Exhaustion Requirements***

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative

remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e). Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent

complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

## Discussion

The Court agrees with Plaintiff that the administrative regulations did not require him to submit the original grievance to the ARB within 30 days of the warden's decision. In pertinent part, Section 504.850 states:

> If, after receiving the response of the Chief Administrative Review Officer, the offender still believes that the problem, complaint, or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision. Copies of the Grievance Officers' Report and the Chief Administrative Officer's decision should be attached.

The record reflects that Plaintiff followed these steps. He submitted a written letter to the ARB that stated his intent to appeal, attaching a copy of the Grievance Officer's report and the Warden's decision. The ARB received Plaintiff's appeal within 30 days of the Warden's decision. The plain language of the regulation required nothing else of Plaintiff.

Defendants argue that because Plaintiff never received a final determination from the ARB, he failed to exhaust his administrative remedies. An inmate is only required to exhaust the administrative remedies that are available to him. *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). Administrative remedies are unavailable to an inmate if prison official(s) "do not respond to [his] properly filed grievance." *Id*. (*quoting Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). The ARB never responded to the substance of Plaintiff's appeal, but instructed him to send a copy of the original grievance, which he claims he did. Consequently, a genuine issue of material fact exists regarding whether administrative remedies were available to Plaintiff.

Defendant Asselmeier further argues that Plaintiff did not mention him (Dr. Asselmeier)

in the 11/6/2019 grievance, nor does Plaintiff mention "greenish-brownish build-up" in the grievance.  These arguments are not persuasive.  Plaintiff's grievance stated "[f]or several weeks now I have been submitting requests to dental to examine a dental issue I've been having, which is causing my gums to recede. I have not received any treatment yet, and I am still suffering from this condition." Even though he did not specifically mention greenish-brownish build-up on his teeth, these statements adequately encompass Plaintiff's allegations in this lawsuit regarding his dental condition and lack of treatment.

Plaintiff was not required to identify Dr. Asselmeier by name, but he was required to provide "as much descriptive information as possible" regarding the subject(s) of his grievance. 20 Ill. Admin. Code § 504.810(c).  There is no evidence in the record to suggest that prior to submitting the 11/6/2019 grievance, Plaintiff knew the name of the dentist or staff member to which he could attribute his lack of dental treatment.  Dr. Asselmeier provided a response to the 11/6/2019 grievance, stating that "we" have not received any requests from Plaintiff for dental treatment.  Dr. Asselmeier's response indicates that he was involved in (and had authority for) the issues identified in Plaintiff's grievance. Moreover, Plaintiff's grievance gave Dr. Asselmeier notice of Plaintiff's complaints.

Defendants failed to meet the burden of proof necessary to grant summary judgment in their favor. Consequently, Defendants' Motions for Summary Judgment for Failure to Exhaust Administrative Remedies (Docs. 38 and 41) are DENIED.

**IT IS SO ORDERED.**

**DATED:   July 19, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**