IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MOHAMMED ABUHARBA, #Y16719** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 20-cv-855-RJD |
| v. ) | |
| ) | |
| **DR. CRAIG ASSELMEIER, AMY** ) | |
| **BURLE, FRANK E. LAWRENCE, LORI** ) | |
| **OAKLEY, and ANTHONY WILLS,** ) | |
| ) | |
| **Defendants.** | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on various motions by the parties. Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") and filed this suit pursuant to 42 U.S.C. 1983, claiming that Defendants were deliberately indifferent to Plaintiff's serious dental needs at Menard Correctional Center ("Menard"), in violation of the Eighth Amendment to the U.S. Constitution. Plaintiff alleges that he submitted a request for treatment on October 1, 2019 after he noticed greenish-brown build-up on his teeth and that his gums were receding. He submitted three more requests in October 2019. When Plaintiff filed the Complaint in this matter on August 31, 2020, he alleged that he still had not received dental treatment.

**Motion to Appoint an Expert (Doc. 68)**

Plaintiff asks the Court to order his own physical examination pursuant to Rule 35 of the Federal Rules of Civil Procedure, which provides that the Court "may order a party whose…physical condition—is in controversy to submit to a physical…examination by a suitably

licensed or certified examiner."  Because Plaintiff is willing to submit to the examination, it is not necessary for the Court to Order a Rule 35 examination.

However, Plaintiff explains that because he is indigent and incarcerated, he cannot "freely go" to a dentist without order of the Court.  Federal Rule of Evidence 706 allows the Court to appoint an expert to help sort through conflicting evidence, but it need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson.  *Turner v. Cox*, 569 Fed. App'x 463, 468 (7th Cir. 2014).  Plaintiff's claim is for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Generally, in determining deliberate indifference, the issues are not so complicated that an expert is required.  *See Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997).  Plaintiff must establish that the greenish-brown build up on his teeth and receding gumlines were "objectively serious medical condition[s]" of which Defendants were aware and disregarded.  *Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022) (internal citations and quotations omitted).  The evidence must reflect that Defendants exhibited "something approaching a total unconcern" for Plaintiff's welfare "in the face of serious risks." *Id*.

The Court sees no justification for appointing an expert in this matter at this time.  Three of the four defendants are not dentists or medical staff but worked in administrative roles.  As for Dr. Asselmeier (a dentist), the record currently reflects a conflict regarding whether he was aware that Plaintiff was seeking dental treatment for the build-up and receding gums, an issue which does not require an expert's opinion (See Doc. 68, Dr. Asselmeier's responses to Plaintiff's Requests to Admit).  Plaintiff does not otherwise point to any conflicting evidence or issues that require an expert to sort through.  Plaintiff's Motion to Appoint an Expert (Doc. 68) is DENIED.

**Motion for Settlement Conference (Doc. 82)**

Plaintiff requested that the Court conduct a settlement conference. The Court declines to do so because Defendant Asselmeier is not willing to participate at this time (Doc. 89). Plaintiff's Motion (Doc. 82) is DENIED.

**Motion to Compel and Motion to Withdraw (Docs. 83 and 91)**

Plaintiff filed a Motion to Compel discovery responses from Defendants, which he has now withdrawn because Defendants submitted Responses to him. The Motion to Withdraw (Doc. 91) is GRANTED and the Motion to Compel (Doc. 83) is DENIED AS MOOT.

**Motion for Extension of Time**

Defendants requested that once the undersigned ruled on Plaintiff's Motion for Appointment of an Expert, the Court allow them an additional 30 days to file dispositive motions. This Motion is GRANTED and the deadline for dispositive motions is now September 13, 2022.

**IT IS SO ORDERED.**

**DATED: August 12, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**