IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMED ABUHARBA, #Y16719 )<br>)<br>)<br>  Plaintiff,           )<br>)<br>  v.                          )<br>)<br>DR. CRAIG ASSELMEIER, AMY BURLE, )<br>FRANK E. LAWRENCE, LORI OAKLEY, )<br>and ANTHONY WILLS,      )<br>)<br>  Defendant.           ) | Case No. 20-cv-855-RJD |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") and filed this suit pursuant to 42 U.S.C. 1983, alleging that Defendants were deliberately indifferent to his serious dental needs in violation of the Eighth Amendment to the U.S. Constitution. This matter now comes before the Court on Defendants' Motions for Summary Judgment (Docs. 93, 94, 99, 100). Plaintiff responded (Docs. 103 and 106) and Defendant Asselmeier filed a Reply (Docs. 107 and 108). As explained further, Defendants' Motions are GRANTED.

**Background**

Plaintiff's case consists of one claim against Defendants Asselmeier, Burle, Oakley, and Lawrence for deliberate indifference.[1] In his First Amended Complaint, Plaintiff alleges that he noticed greenish-brown buildup on his gums on October 1, 2019 while incarcerated at Menard Correctional Center. Doc. 58, p. 7. He also noticed that his gums were receding, which was

---

[1] The Warden of Menard is a defendant for purposes of enacting injunctive relief only.

painful.  *Id*.  Plaintiff submitted four sick-call requests in the month of October to be seen for his periodontal issues.  *Id*.  After receiving no response, he submitted a grievance to his counselor.  *Id*., p. 6.  The counselor sent the grievance to Defendant Dr. Craig Asselmeier, who responded that the dental unit had not received any requests from Plaintiff.  *Id*.  Unsatisfied with this response, Plaintiff then sent his grievance to Defendants Lori Oakley (a grievance officer), Frank Lawrence (the Warden at Menard), and Amy Burle (Administrative Review Board member).  *Id*.  None of the defendants took action to facilitate Plaintiff's dental care.  *Id*., p. 8.  When Plaintiff filed the original Complaint in this matter on August 31, 2020, he still had not received dental/periodontal treatment.  Doc. 1, p. 6.

## Material Facts

The Court considers the evidence in the light most favorable to Plaintiff.  At his deposition, Plaintiff testified that he arrived at Menard in 2016.  Doc. 94-1, p. 6.  His dental records reflect that he received an initial dental examination.  Doc. 100-2, ¶8.  Dr. Asselmeier examined Plaintiff on September 12, 2017; he observed that Plaintiff had calcified bacterial plaque on his lower anterior teeth.  *Id*., ¶11.  Plaintiff reported that his gums were sore.  *Id*.  Dr. Asselmeier ordered that Plaintiff be placed on a waiting list to receive a dental cleaning, which Plaintiff received on October 16, 2017.  *Id*., ¶¶11, 13. The dental hygienist used a "Cavitron" (ultrasonic descaling machine) on Plaintiff's "full mouth" and rinsed his mouth with an antibacterial wash.  *Id*., ¶¶12, 13.  She noted that Plaintiff's oral health was poor and that she "stressed increased personal oral hygiene and flossing daily."  *Id*., ¶13.  Plaintiff saw the dental hygienist again on October 30, 2017, to complete the cleaning; the hygienist rinsed his mouth again with the antibacterial rinse and hand scaled and polished his teeth.  *Id*., ¶15.

Plaintiff saw Dr. Asselmeier on October 17, 2018 for a "routine 2-year examination."  *Id*.,

¶16.  Dr. Asselmeier noted that Plaintiff's teeth were "class IIIB" which means "there was localized gingival involvement", typically related to plaque build-up.  *Id*.  Dr. Asselmeier "noted for [Plaintiff] to be placed" on the waiting list for dental cleanings.  *Id*.  Plaintiff received a cleaning on January 9, 2019; the hygienist noted that his "oral hygiene was good."  *Id*., ¶19.

Plaintiff testified at his deposition that on or around October 1, 2019, he noticed "there was a…greenish-brown buildup on my teeth and my gumlines were starting to recede…I started having gum pain and…toothache."  Doc. 94-1, p. 15-16.  Throughout the month of October, Plaintiff made four sick call requests to be seen by a dentist and never received a response.  *Id*., p. 16. In his declaration, Plaintiff describes the gum pain as severe.  Doc. 103, ¶4.  On November 6, 2019, he submitted a grievance "to get the administration involved…to try to expedite the issue."  *Id*.  In the grievance, Plaintiff wrote "for several weeks now I have been submitting requests to dental to examine a dental issue I've been having, which is causing my gums to recede.  I have not received any treatment yet, and I am still suffering from this condition."  Doc. 103, p. 88.  The counselor sent the grievance to Dr. Asselmeier, who provided the following written response on November 13, 2019:

> Grievance submitted on 11/6/19 by inmate Abuharba…was reviewed by this writer along with chart on 11/12/19.  We have received NO kites at all from Mr. Abuharba since January 2018. Mr. Abuharba has also been seen three times for teeth cleanings in the last two years on 10/16/2017, 10/30/2017, and 1/9/19.  If Mr. Abuharba has a dental issue he is advised to send us a kite.

Doc. 103, p. 89.  Dr. Asselmeier explains in his declaration that a "kite" is a request slip for an individual in custody and that in his time at Menard, he "never witnessed or heard about dental request slips being destroyed or ignored."

Plaintiff believes that after he received Dr. Asselmeier's response to his grievance, he

Page **3** of **9**

submitted two more sick call requests to be seen for his periodontal issues. Doc. 94-1, pp. 20, 48. Plaintiff also submitted the grievance to Defendant Lori Oakley, a grievance officer. *Id*., p. 90-91. She denied the grievance, stating "Offender advised to submit a request and place it in the appropriate box." Warden Frank Lawrence concurred with Oakley's decision. *Id*. Plaintiff appealed the decision to the Administrative Review Board. Doc. 58, p. 8. Defendant Amy Burle, Administrative Review Board member, returned the grievance to Plaintiff and instructed him to provide more information. *Id*.; Doc. 94-3, p. 1. Plaintiff provided the requested information to her, but never received a response. Doc. 58, p. 8. Other than the November 6, 2019 grievance, Plaintiff had no other communications with Defendants Burle, Oakley, or Lawrence regarding his dental issues. Doc. 94-1, pp. 40-41.

Dr. Asselmeier saw Plaintiff for his "routine 2-year examination" on January 8, 2021. Doc. 100-2, ¶24. Dr. Asselmeier "noted that [Plaintiff's] teeth were IIIB and that I provided him oral hygiene instructions." *Id*. This was Dr. Asselmeier's last visit with Plaintiff. *Id*. At this visit, Plaintiff "tried to…bring up the issue of [his] gums" but [Dr. Asselmeier] "brushed it off." Doc. 94-1, p. 22.

Plaintiff underwent a cleaning with a dental hygienist on January 28, 2021. Doc. 100-2, ¶25. She noted that his oral hygiene was good and he had light plaque calculus. *Id*. *Id*., ¶ 26. Plaintiff received another dental cleaning on March 3, 2022. *Id*. The hygienist noted that his oral hygiene was good and he had light plaque calculus. *Id*. In his declaration, Dr. Asselmeier states that "there is no documentation in [Plaintiff's] dental chart regarding any greenish-brown build up on his teeth." *Id*., ¶27. Dr. Asselmeier left Menard in March 2022. *Id*., ¶2.

At his deposition, Plaintiff explained the sick call process for dental treatment:

> It's the same as the whole sick call process in IDOC. You write up

> a kite, put your name on it and you address it to medical or dental and you say what the issue is you want to be seen for. And you either set it in your bars at night for the CO to pick up or you can give it to [a med tech] when they walk past if they'll take it. Sometimes, sometimes they won't take it.

Doc. 94-1, p. 23. When Plaintiff submitted his sick call requests for dental treatment in October 2019, he wrote his name, inmate number, cell location, and that he was requesting dental attention for buildup and receding gumlines. *Id*., pp. 37, 38. He placed those requests in his cell bars during the third shift. *Id*., pp. 41, 46. Plaintiff does not know whether Dr. Asselmeier or any member of the dental staff received his sick call requests for dental treatment in 2019. *Id*., pp. 25, 44.

In his declaration, Dr. Asselmeier also addressed the sick call process for dental treatment:

> It was my understanding that whenever a request slip for dental care was received by the office assistant in the Dental Department, that patient would be placed on a list for whatever treatment they were requesting. If the request was of an emergent nature, the office assistant would review the request, and the patient would likely be scheduled for more immediate evaluation with the dentist.

Doc. 100-2, ¶22.

**Summary Judgment Standard**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## Discussion

The Eighth Amendment "'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Brown v. Osmundson*, 38 F. 4th 545, 559-60 (7th Cir. 2022) (internal citations omitted). To succeed on his deliberate indifference claims, Plaintiff must "provide evidence, either direct or circumstantial" that shows (1) "he had an objectively serious medical need" (2) "which [the defendant] "[knew] of and disregar[ded] a substantial risk of harm." *Id*. at 550. Negligence or even recklessness does not constitute deliberate indifference; the defendant must have shown "something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Id*.

According to Dr. Asselmeier's affidavit, Plaintiff's dental records reflect no issues other than light plaque calculus since 2019. Plaintiff describes receding gum lines and severe pain. Viewing the evidence in the light most favorable to Plaintiff, there is a genuine dispute of material fact regarding whether Plaintiff suffered from an objectively serious dental condition.[2] The Court now considers whether any evidence in the record reflects that Defendants disregarded a

---

[2] Plaintiff asks the Court to defer ruling on the summary judgment motions and appoint a dental expert to examine Plaintiff. For purposes of ruling on Defendants' summary judgment motions, the Court infers that Plaintiff's current condition is exactly as he describes it: receding gum lines that cause him severe pain.

substantial risk of harm to Plaintiff.

**Dr. Asselmeier**

Plaintiff contends that Dr. Asselmeier ignored his requests for treatment regarding the greenish brown buildup, receding gum lines, and severe gum pain. A physician who ignores an inmate's request for medical treatment may be found liable under the Eighth Amendment, though the inmate does not necessarily have to show "that he was literally ignored…[i]f a risk from a particular course of treatment (or lack thereof) is obvious enough, a factfinder can infer that a prison official knew about it and disregarded it." *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) (internal citations omitted). In effect, the inmate must show that the physician "[acted with] criminal recklessness." *Davis v. Kayira*, 938 F.3d 910, 915 (7th Cir. 2019) (internal citations and quotations omitted).

Here, the evidence does not reflect that Dr. Asselmeier acted with "criminal recklessness." When Dr. Asselmeier responded to Plaintiff's November 6, 2019 grievance, he wrote that the dental department had not received any requests for treatment. The record is silent as to what steps Dr. Asselmeier took to reach this conclusion. Regardless, no evidence in the record suggests that his statement was untruthful, or that he even had reason to doubt whether the dental department had received Plaintiff's requests for treatment. Plaintiff argues that instead of instructing Plaintiff to submit a kite, Dr. Asselmeier could have instructed staff to schedule an appointment for Plaintiff. That Dr. Asselmeier could have done more for Plaintiff does not mean Dr. Asselmeier violated Plaintiff's Eighth Amendment rights. Dr. Asselmeier's advice to Plaintiff-that dental had not received any kites from him and he should submit one-does not demonstrate a total unconcern for Plaintiff's welfare in the face of serious risks; it simply indicates an unwillingness to accept grievances in place of kites for dental appointments.

As for Plaintiff's January 8, 2021 visit with Dr. Asselmeier, Plaintiff testified that he "tried to…bring up the issue of [his] gums" but [Dr. Asselmeier] "brushed it off." However, Dr. Asselmeier's note recognized that there were issues with Plaintiff's gums (as there had been in January 2019) and he provided oral hygiene instructions to Plaintiff, who then received a dental cleaning 20 days later. Drawing all reasonable inferences in favor of Plaintiff, Dr. Asselmeier's response on January 8, 2021 to Plaintiff's gum issues reflects, at most, an "isolated instance[] of neglect." *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997).

Whether viewed in isolation or collectively, Dr. Asselmeier's responses to Plaintiff's complaints of gum pain one on instance in November 2019 and another in January 2021 do not demonstrate deliberate indifference. Accordingly, Dr. Asselmeier's Motion for Summary Judgment (Doc. 99) is GRANTED.

**AMY BURLE, FRANK LAWRENCE, AND LORI OAKLEY**

Defendants Burle, Lawrence, and Oakley ("IDOC defendants") had no involvement in Plaintiff's dental care other than to respond to his November 6, 2019 grievance. To prevail in his claim against them, Plaintiff must prove that they were "alerted to an excessive risk to…[Plaintiff's] health" but they refused or declined to exercise their authority to do so. *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). Prison officials can be liable for "turning a blind eye" to unconstitutional conduct. *Id*.

The evidence reflects that there is no genuine issue of material fact regarding whether the IDOC Defendants were alerted to an excessive risk to Plaintiff's dental health. Certainly, they were aware of Plaintiff's grievance in which he stated that he needed to be seen in the dental department for his "suffering" related to receding gums. However, they were also aware that Dr. Asselmeier responded to the grievance, outlined Plaintiff's prior dental care, informed Plaintiff

that the dental department had not received any kites from him, and instructed Plaintiff to send a kite for current issues.   On these facts-and no evidence to suggest that the IDOC Defendants had reason to think the dental department was discarding or ignoring treatment requests-no reasonable factfinder could infer that the IDOC Defendants turned a blind eye to unconstitutional conduct. Thus, their Motion for Summary Judgment (Doc. 93) is GRANTED.

## Conclusion

Defendants' Motions for Summary Judgment (Docs. 93 and 99) are GRANTED and this matter is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment against Plaintiff and in favor of Defendants Asselmeier, Burle, Lawrence, and Oakley.   All pending motions are denied as moot.

**IT IS SO ORDERED.**

**DATED:   September 18, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**