IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMED ABUHARBA, #Y16719, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DR. CRAIG ASSELMEIER, AMY BURLE, ) <br> FRANK E. LAWRENCE, LORI OAKLEY, ) <br> and ANTHONY WILLS, ) <br> ) <br> Defendant. ) | Case No. 20-cv-855-RJD |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") and filed this suit pursuant to 42 U.S.C. 1983, alleging that Defendants were deliberately indifferent to his serious dental needs in violation of the Eighth Amendment to the U.S. Constitution. The Court granted summary judgment in favor of Defendants. Doc. 113. Plaintiff then appealed to the Seventh Circuit who affirmed this Court's ruling.[1] Defendant Asselmeier filed a Bill of Costs, seeking $161.20 for the cost of a copy of Plaintiff's deposition transcript. Doc. 124. Defendants Burle, Lawrence, Oakley and Wills also filed a Bill of Costs, documenting that their cost of the original transcript was $360.35. Doc. 119.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees— should be allowed to the prevailing party." Under 28 U.S.C. §1920, the Court may tax fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Defendants

---

[1] *Abuharba v. Asselmeier, et al.*, Case No. 23-2893, (7th Cir. Jul. 1, 2024).

are prevailing parties, and Plaintiff's deposition was necessarily obtained for use in this case.

Plaintiff asks the Court to deny Defendants' costs, explaining that he is indigent and his complaint was filed in good faith. Doc. 126. The Court has discretion to consider a plaintiff's indigency and deny costs under Rule 54(d). *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). However, Plaintiff must provide the Court "with an affidavit or other documentary evidence of both income and assets." Here, the Court found that Plaintiff was indigent when he filed this case in August 2020. Plaintiff's projected parole date is 2064.[2] Nevertheless, Plaintiff's objection to the Bill of Costs contains no evidence from which the Court can find that Plaintiff currently does not have the ability to pay the $521.55 total for Defendants' costs. In fact, Plaintiff paid the entire $505 filing fee for his appeal two days after he filed his Objection to the Bill of Costs. Doc. 127. Accordingly, the Clerk of Court shall tax costs against Plaintiff and in favor of Defendant Asselmeier in the amount of $161.20 and against Plaintiff and in favor of Defendants Burle, Lawrence, and Oakley in the amount of $360.35.

**IT IS SO ORDERED.**

**DATED:   April 8, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**

---

[2] https://idoc.illinois.gov/offender/inmatesearch.html (last accessed Apr. 7, 2025).